Matter of Hock (2024 NY Slip Op 50765(U))

[*1]

Matter of Hock

2024 NY Slip Op 50765(U)

Decided on June 17, 2024

Surrogate's Court, Erie County

Mosey, S.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 17, 2024
Surrogate's Court, Erie County

In the Matter of the Estate of Eugene W. Hock, 
 a/k/a EUGENE W. HOCK JR., Deceased.

File No. 2009-1081/C

JAY A. POHLMAN, ESQ.
Attorney for Donald Hock, Petitioner
KELLY O'NEAL ADAMS, ESQ.
Attorney for Linda M. Hock, Respondent

Acea M. Mosey, S.

Decedent died on January 24, 2009, survived by three children: David Hock [hereafter, David], Donald Hock [hereafter Donald], and Deborah Kunselman. Decedent's Last Will and Testament, dated December 9, 2008, left his estate — apart from specific monetary bequests to grandchildren — to his children in equal shares. The Will was admitted to probate on March 26, 2009, and Letters Testamentary were issued to nominated executor David.
David died on March 5, 2016, without having completed his duties as executor of decedent's estate. David's wife, Linda, was appointed executor of David's estate on September 26, 2016. Successor Letters Testamentary were issued to Donald in decedent's estate on January 31, 2017.
Donald filed a petition on December 13, 2019, seeking to compel Linda, as fiduciary of David's estate, to file an accounting of David's activities as executor of decedent's estate. Donald alleges that David collected estate assets in excess of $938,747.62, of which approximately $644,708.72 is missing or unaccounted for. Linda responded, asserting that she had been wholly uninvolved in the administration of decedent's estate and that she had provided all documentation she possessed with respect to decedent's estate to Donald. Although the parties attempted to resolve the various issues, that process was ultimately unsuccessful.
Pending now before me is Donald's motion for summary judgment, together with Linda's cross-motion seeking to dismiss Donald's petition. The motions having been finally submitted, I now find and decide as follows.
This Court may compel the fiduciary of a deceased fiduciary to account in the same manner as it would with respect to the deceased fiduciary (see, SCPA 2207[1]). The fiduciary of a deceased fiduciary must account not only for estate property which has come into her hands [*2]but also for "the acts and doings" of the deceased fiduciary (SCPA 2207[2]). However, the fiduciary of the deceased fiduciary is only responsible to turn over estate property in her hands:
"In order to effectuate the expressed purpose of the SCPA it is logical to require the fiduciary of the deceased fiduciary to account for all the acts and property whether the same came into his hands or not. The remedy is not the same, since the fiduciary should not be subject to punishment for contempt for not turning over property which it is not within his power to turn over" (Revisors' Notes, McKinney's Cons Laws of NY, Book 58A, SCPA 2207 at 77 [2013 ed]).
Linda, as executor of David's estate, must account for "the acts and doings" of David and the property of decedent's estate which came into David's hands. Linda's position that she need only account for estate property which came into her hands as David's executor is contrary to the requirements of the statute. Her assertion that she had no involvement with decedent's estate while David served as executor is irrelevant to her duties under the statute. In many, likely most, cases where a fiduciary of a deceased fiduciary steps into the deceased fiduciary's shoes to account, she will have had no prior involvement or knowledge of the administration of that estate.
Linda's defense of laches is unavailing. While acknowledging that David may have been dilatory in his duties in his seven years as executor of decedent's estate, Linda includes this period of time in arguing that laches should apply to bar Donald's petition filed more than ten years after decedent's death. However, David's failure to conclude decedent's estate proceedings and to account in an appropriate amount of time will not be attributed to Donald for laches purposes.
Donald also seeks to compel Linda, as David's executor, to file an inventory of assets [see, Uniform Rules for Surrogate's Court 207.20] in this estate. Donald provides no authority requiring the fiduciary of a deceased fiduciary to file an inventory of assets, and I decline to order Linda to do so here.
Accordingly, Donald's motion for summary judgment shall be, and it hereby is, granted to the extent that Linda, as David's executor, shall file an account, and verified petition for judicial settlement thereof, on or before August 30, 2024, together with a proposed citation for review and issuance by this court to all necessary parties.However, Donald's request to compel Linda to file an inventory of assets in this estate is hereby denied. 
This decision shall constitute the Order and Decree of this Court, and no other or further order or decree shall be required.
DATED: June 17, 2024
BUFFALO, NEW YORK
HON. ACEA M. MOSEY
Surrogate Judge